UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>JASON C. BROWN (1),<br><br>                    Defendant. | NO:  2:15-CR-83-RMP-1<br><br>ORDER DENYING DEFENDANT JASON C. BROWN'S MOTION FOR ACQUITTAL, ARREST OF JUDGMENT, OR FOR A NEW TRIAL |

BEFORE THE COURT is Defendant Jason C. Brown's Motion for Acquittal, Arrest of Judgment, or for a New Trial, ECF No. 195. The Court has considered the motion, the record, and is fully informed.

## ANALYSIS

Defendant raises this motion pursuant to FEDERAL RULES OF CRIMINAL PROCEDURE 29, 33, and 34. Defendant previously submitted an oral motion pursuant to FED. R. CRIM. P. 29 during trial, so the Court will first address the aspects of Defendant's motion brought under the same rule.

ORDER DENYING DEFENDANT JASON C. BROWN'S MOTION FOR ACQUITTAL, ARREST OF JUDGMENT, OR FOR A NEW TRIAL ~ 1

The Court reviews a motion for judgment of acquittal by applying the "sufficiency-of-the-evidence" standard. *See United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998) (citing *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996)). "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the [G]overnment, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *United States v. Ross*, 112 F.3d 422, 425 (9th Cir. 1997). In making its ruling, the Court recognizes that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978) (quoting *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977)).

Defendant again argues that there is insufficient evidence to find Defendant guilty of the charged offense. ECF No. 195 at 12-13. In denying Defendant's prior Rule 29 motion, the Court stated: "Having considered the numerous text messages, phone calls, and other evidence presented against Defendant Jason C. Brown, the Court finds that the Government has provided more than sufficient evidence by which a reasonable jury could find Defendant Jason C. Brown guilty of the charged offense." ECF No. 179 at 2. The fact that Brown's co-defendant, Joseph L. Davis, was acquitted does not undermine the jury's finding of Brown's guilt. Defendant's

ORDER DENYING DEFENDANT JASON C. BROWN'S MOTION FOR ACQUITTAL, ARREST OF JUDGMENT, OR FOR A NEW TRIAL ~ 2

arguments are unavailing and fail to provide any just cause for the Court to reconsider its prior determination.

Defendant also invokes FED. R. CRIM. P. 34, which provides that "the court must arrest judgment if the court does not have jurisdiction of the charged offense." FED. R. CRIM. P. 34(a). Defendant asserts that this Court did not have jurisdiction to enter judgment in this case because the statute under which he was convicted, 18 U.S.C. § 1513(e) was unconstitutionally vague and overbroad. *See* ECF No. 195.

Defendant argues that "the retaliation statute is unconstitutionally overbroad because it captures a substantial amount of protected First Amendment speech." *Id*. at 4. The statute provides:

> Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 1513(e).

In support of his argument, Defendant provides hypotheticals that do not meet all the elements required under the statute. For example, Defendant argues that an individual could be convicted under 18 U.S.C. § 1513(e) for not sending money to an incarcerated relative who cooperated with the Government as a way of expressing disapproval. ECF No. 196 at 6. The hypothetical ignores the requirement that a defendant "take[] an action."

ORDER DENYING DEFENDANT JASON C. BROWN'S MOTION FOR ACQUITTAL, ARREST OF JUDGMENT, OR FOR A NEW TRIAL ~ 3

Evidence at Defendant's trial demonstrated that Defendant made copies of a sealed court document to distribute information in order to retaliate against a Government witness. Unlike the individuals in Defendant's hypotheticals, Defendant was convicted of conspiring to take action that was not protected by the First Amendment of the United States Constitution. If the statute is considered in its entirety, the Court finds that 18 U.S.C. § 1513(e) is not unconstitutionally overbroad.[1]

Defendant also argues that the statute is unconstitutionally vague "because an ordinary citizen cannot understand what conduct it prohibits." ECF No. 195 at 8. Defendant asserts that 18 U.S.C. § 1513(e) exposes Defendants to criminal liability based on a subjective interpretation of "harm," and that neither the statute, nor this Court's definitional jury instruction[2] "limit[ed] the harm to physical harm, attempts, or threats, which give the citizen a much clearer understanding of what actions are criminalized." ECF No. 195 at 10. Defendant's arguments focus on individual words taken in isolation, ignoring context or other elements of 18 U.S.C. § 1513(e).

---

[1] At Defendant's request, the Court provided a jury instruction referring to the First Amendment of the U.S. Constitution. *See* ECF No. 177 at 28.

[2] Jury Instruction No. 11 read: "'Harm' can be physical, emotional, economical, or otherwise." ECF No. 177 at 14.

ORDER DENYING DEFENDANT JASON C. BROWN'S MOTION FOR ACQUITTAL, ARREST OF JUDGMENT, OR FOR A NEW TRIAL ~ 4

1  Considering the statute in its entirety, the Court finds that 18 U.S.C. § 1513(e) is not

2  unconstitutionally vague as it adequately notifies the citizenry of the conduct it

3  prohibits.

4      Defendant also seeks a new trial because he believes he was denied an

5  instruction on a recognized defense.  He relies on FED. R. CRIM. P. 33(a), which

6  provides that "the court may vacate any judgment and grant a new trial if the interest

7  of justice so requires."  Specifically, Defendant takes issue with Jury Instruction No.

8  23, which read in its entirety: "The Court entered a protective order in the

9  underlying case, No. 2:14-cr-21-RMP, stating 'defense counsel shall not provide

10  original or copies of the discovery materials directly to his/her client.'"  ECF No.

11  177 at 26.

12      Defendant argues that he should have been able to argue that he was not

13  notified of the terms of the protective order, and that Jury Instruction No. 23

14  "reinforced the United States' theory of the case and barred a defense on the issue."

15  ECF No. 195 at 12.  Defendant also notes that the Government dismissed the first

16  count in the Indictment, charging Contempt of Court, which related specifically to

17  this Court's protective order, but argues that "Jury Instruction No. 23 allowed the

18  Government to try it anyway."  *Id.*

19      The Ninth Circuit Court of Appeals recognizes that "the district court has

20  wide discretion in formulating the instructions to the jury."  *United States v. Reyes*,

21

ORDER DENYING DEFENDANT JASON C. BROWN'S MOTION FOR
ACQUITTAL, ARREST OF JUDGMENT, OR FOR A NEW TRIAL ~ 5

660 F.3d 454, 467 (9th Cir. 2011). The issue raised by Defendant was extensively discussed during trial and the Court balanced all of the interests at stake by drafting Jury Instruction No. 23. Despite Defendant's present contentions, defense counsel made references to the jury that Jason Brown was not on trial for impermissibly possessing sealed discovery and argued that there was no evidence in this case that Brown wasn't allowed to have relevant documents. Additionally, the evidence at trial not only established that Defendant had possession of a sealed court document, but that he had also made copies and distributed those with the intention of retaliating against a Government witness. Any further argument on this issue is more appropriately addressed to an appellate court.

Defendant fails to present any reason to believe that the interest of justice would be furthered by vacating his judgment and granting him a new trial. Accordingly, **IT IS HEREBY ORDERED** that Defendant Jason C. Brown's Motion for Acquittal, Arrest of Judgment, or for a New Trial, **ECF No. 195**, is **DENIED**.

The District Court Clerk is directed to enter this Order and to provide copies to counsel.

**DATED** this 1st day of August 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge